EL PUEBLO DE PUERTO RICO, peticionario, *v.* RAMÓN L. GARCÍA SANTIAGO, recurrido.

*Número:* CC-96-392          *Resuelto:* 18 de febrero de 1997

*Carlos Lugo Fiol, Procurador General*, y *Eunice Amaro Garay, Procuradora General Auxiliar*, peticionarios.

## RESOLUCIÓN

Examinada la petición de *certiorari* que fue presentada el 26 de diciembre de 1996 por la parte peticionaria de epígrafe, se declara no ha lugar por craso incumplimiento con el Reglamento de este Tribunal.

### I

El Procurador General de Puerto Rico comparece ante nos para cuestionar, en síntesis, la apreciación de la prueba que realizara el Tribunal de Circuito de Apelaciones, Circuito Regional I, en su Sentencia de 6 de noviembre de 1996. No obstante, *y a pesar de que ante dicho foro obra la exposición narrativa de la prueba que fuera estipulada por las partes y certificada por el tribunal de instancia,* la parte peticionaria no acompañó copia de ésta como parte del apéndice de su recurso ante nos. En consecuencia, no nos ha puesto en posición de poder evaluar de forma adecuada si el foro apelativo incurrió en algún error al apreciar la prueba que consta en la referida exposición narra-

tiva y, por lo tanto, al revocar las convicciones por los delitos imputados y exonerar de toda culpabilidad a la parte recurrida.

Lo acordó el Tribunal y certifica el señor Secretario del Tribunal Supremo. El Juez Asociado Señor Rebollo López emitió un voto de conformidad, al cual se unió el Juez Asociado Señor Hernández Denton. El Juez Asociado Señor Negrón García emitió un voto disidente, al cual se unió el Juez Presidente Señor Andréu García. La Juez Asociada Señora Naveira de Rodón y el Juez Asociado Señor Fuster Berlingeri no intervinieron.

(*Fdo.*) Francisco R. Agrait Lladó
*Secretario del Tribunal Supremo*

— O —

Opinión de conformidad emitida por el Juez Asociado Señor Rebollo López, a la cual se une el Juez Asociado Señor Hernández Denton.

El ser consistentes en nuestras decisiones y determinaciones no constituye, naturalmente, garantía de que las mismas sean correctas. El serlo, sin embargo, sí garantiza igualdad de tratamiento a todos los litigantes que acuden ante nuestras puertas; esto es, que "midamos" a todo el mundo con la "misma vara".

I

El recurrido, Ramón L. Santiago, fue acusado ante, y convicto por, la Sala Superior de San Juan del Tribunal de Primera Instancia de infringir, en grado de tentativa, el Art. 18 de la Ley Núm. 8 de 5 de agosto de 1987, conocida como la Ley para la Protección de la Propiedad Vehicular, 9 L.P.R.A. sec. 3217, y de una infracción al Art. 2A de la Ley de Armas de Puerto Rico, 25 L.P.R.A. sec. 412a. Fue sentenciado por el foro de instancia a sufrir unas penas de

dieciocho (18) y de seis (6) meses, respectivamente. Inconforme, apeló ante el Tribunal de Circuito de Apelaciones.

El referido tribunal apelativo *revocó* ambas convicciones, *absolviendo* al recurrido. Dicho foro apelativo basó su determinación a esos efectos en un *análisis exhaustivo* de la exposición narrativa de la prueba que fuera certificada por el foro de instancia, razonando que la prueba presentada por el Estado *no* demostraba la culpabilidad del recurrido más allá de duda razonable.

El Procurador General de Puerto Rico, en representación del Estado, acudió ante este Tribunal en revisión, vía *certiorari*, de la referida sentencia. *No* acompañó el Procurador, como apéndice de su recurso, la mencionada exposición narrativa de la prueba, *la cual resulta indispensable para que este Tribunal esté en condiciones de pasar juicio sobre la corrección de la actuación del Tribunal de Circuito de Apelaciones.*

En múltiples ocasiones en el pasado ese hecho ha sido suficiente, *por sí solo*, para que el Tribunal deniegue la revisión solicitada por razón de "craso incumplimiento con el Reglamento del Tribunal". *Ese curso de acción es, precisamente, el que resulta procedente seguir en el día de hoy.* No puede hacer diferencia alguna el hecho de que en el presente caso se trate del Procurador General de Puerto Rico. Dicho funcionario *no* tiene derecho a recibir trato preferencial alguno de parte de este Tribunal.

## II

Si resolviéramos —como propone el Juez Asociado Señor Negrón García y el Señor Juez Presidente Señor Andréu García— que no obstante *no* contar con la exposición narrativa de la prueba estamos en condiciones de resolver el caso, por cuanto de la propia sentencia del Tribunal de Circuito de Apelaciones alegadamente se desprende que el recurrido incurrió en un delito menor incluido, incurriríamos en un curso de acción erróneo e inaudito. En primer lugar, estaríamos revocando una pensada y juiciosa sen-

tencia; emitida la misma por el Tribunal de Circuito de Apelaciones a base de un análisis exhaustivo de una exposición narrativa de la prueba, exposición con la que no cuenta el Tribunal. Por otro lado, estaríamos soslayando, y excusando, la omisión grave en que ha incurrido el Procurador General en el presente caso.

Dicho proceder, naturalmente, significaría que estaríamos utilizando una "vara distinta". Ello así, sobre todo, al compararse éste con los cientos de casos de acusados que en el pasado han visto tronchadas sus expectativas de poder revisar ante este Tribunal una sentencia que consideraban incorrecta, meramente por razón de haber incurrido en el error de omisión, que cometió en el presente caso el Procurador General de Puerto Rico.

— O —

Voto disidente del Juez Asociado Señor Negrón García, al cual se une el Juez Presidente Señor Andréu García.

Evaluar y adjudicar con rectitud el *planteamiento de Derecho*[1] del Procurador General en este recurso *no requiere preparar la exposición narrativa de la prueba*. Su único señalamiento[2] consiste en imputar al reputado Tribunal de Circuito de Apelaciones (Hons. Rossy García, Aponte Jiménez y Negroni Cintrón, Jueces), un error al apreciar la prueba y que haya exonerado *totalmente* al recurrido Ramón L. García Santiago. Toda su discusión parte de los hechos narrados en la sentencia del Tribunal de Circuito de Apelaciones que, a su vez, sirvieron de base para las convicciones contra el acusado García Santiago en el

---

[1] Compárese esta situación con la inversa del trámite y nuestro disentir en *Soc. de Gananciales v. García Robles*, 142 D.P.R. 241 (1997).

[2] "Erró el Tribunal de Circuito de Apelaciones al revocar la sentencia dictada por el Tribunal de Primera Instancia exonerando de toda culpabilidad al recurrido." Petición de *certiorari*, pág. 5.

Tribunal de Primera Instancia, los cuales adopta de forma íntegra. Expongámoslos suscintamente.

## I

El 28 de agosto de 1995, a eso de la 1:30 de la madrugada, desde su apartamento, un primer piso en el Condado, el Sr. Nelson Carreras Mañón vio a una persona, montada en una bicicleta, que penetraba en el área de estacionamiento, privada y techada, de su edificio. Carreras Mañón decidió seguirlo. Para ello se armó de la pata de una silla rota. Al llegar a la parte posterior del estacionamiento, observó al acusado García Santiago cuando *forzaba el cristal pequeño frontal de su vehículo Ford Van, color blanco, modelo de 1984, con un pedazo de wiper.* También se fijó que el automóvil de su vecino mostraba un pedazo de *wiper* parado y roto. Carreras Mañón le cuestionó a García Santiago su conducta y éste nada contestó. Carreras Mañón le indicó que estaba en un área privada y que no podía permanecer allí.

Acto seguido, García Santiago sacó un arma "cromada", tipo 45, y apuntó al pecho de Carreras Mañón. Éste se hizo a un lado y García Santiago se marchó en su bicicleta. Más tarde, García Santiago fue detenido y la Policía le ocupó un arma tipo 45, que resultó ser de *pellets*.

Fundamentado en esos hechos, el 30 de noviembre de 1995, el Tribunal de Primera Instancia, Sala de San Juan, dictó sentencia. Condenó a García Santiago a cumplir un año y medio (1 1/2) de reclusión por una infracción al Art. 18 de la Ley para la Protección de la Propiedad Vehicular, 9 L.P.R.A. sec. 3217 (apropiación de un vehículo en grado de tentativa), y seis (6) meses por el Art. 2A de la Ley de Armas de Puerto Rico, 25 L.P.R.A. sec. 412a. Inconforme, García Santiago apeló al tribunal de Circuito de Apelaciones. Este tribunal, el 26 de noviembre de 1996, revocó ambas convicciones. El Procurador General acudió ante nos.

## II

Coincidimos con el Tribunal de Circuito de Apelaciones de que no se probó, más allá de duda razonable, el delito de tentativa de apropiación ilegal de un vehículo de motor y la infracción al Art. 2A de la Ley de Armas de Puerto Rico, *supra.*

Sin embargo, esa misma prueba demostró la *intención inequívoca de García Santiago de apropiarse de alguna pieza del vehículo de Carreras Mañón.* Se estableció su culpabilidad según el Art. 19 de la Ley para la Protección de la Propiedad Vehicular, en grado de tentativa, 9 L.P.R.A. sec. 3218, y de un delito menor comprendido de apropiación ilegal de un vehículo de motor en el Art. 18 de la misma ley, 9 L.P.R.A. sec. 3217.

En consecuencia, expediríamos y dictaríamos una sentencia modificatoria al amparo de la Regla 50 de nuestro Reglamento, 4 L.P.R.A. Ap. XXII-A, y ordenaríamos la devolución del caso al Tribunal de Primera Instancia para la imposición de la pena correspondiente.[3]

---

[3] Nuestro criterio coincide con el disenso del Juez de Apelaciones, Hon. Rossy García.